IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| DEANTE CLAY #01917341 | § | |
| v. | § | CIVIL ACTION NO. 5:22cv122 |
| MAJOR ADAMS, ET AL. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Deante Clay, a prisoner currently confined in the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of his constitutional rights. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The named Defendants are Major Adams, Assistant Warden Kamilah Coger, Lt. Justin Davis, and an officer named Smith, all of whom are TDCJ officials at the Telford Unit.

**I. The Plaintiff's Complaint**

In his complaint, Plaintiff states that in 2020, he requested protection from an apparent threat of violence posed by his former gang, the Crips, but Major Adams denied it. A year later, Plaintiff states that he was assaulted by several members of that gang, armed with weapons, while Officer Smith watched from the picket without aiding him.

After this assault, Plaintiff states that he sought further protection, only to be subjected to what he terms a "sham investigation" which made him out to be the villain. A hearing committee determined that his claim was unsubstantiated, based on what Plaintiff describes as "falsified reports submitted by defendant Lt. Davis that intentionally omitted clearly evident facts." He contends that the Defendants ignored available camera footage and the open wound on his arm, and made no

1

attempt to investigate, question, or punish his assailants, even after Plaintiff provided their names along with "clear and convincing evidence" of the attack. Warden Coger then had him housed back in the same housing area where the attack occurred.

Plaintiff asserts that Lt. Davis and Warden Coger intentionally destroyed and fabricated evidence and covered up Officer Smith's misconduct. He says that they "concealed the true facts about a crime and civil rights violation in which I am the sole victim" and that they made no attempt to discipline the inmates responsible for the attack.

On Sunday, September 2, 2022, Plaintiff states that he was again attacked by another member of the same gang, who punched him in the mouth for using the dayroom phone.  He states that he is in imminent danger of serious physical injury as long as he is housed within close proximity of the Crips street gang due to his cutting ties with the gang.

In a "declaration in support of serious physical injury," signed September 26, 2022, Plaintiff states that he has made numerous attempts to seek protection from prison officials against the danger of physical injury from his old gang, but his allegations are denied as unsubstantiated even though they are backed by "overwhelming evidence." Apparently referring to the incident recounted above, he says that he was assaulted at the Telford Unit by three gang members in front of an officer who made no attempt to help save him from the attack. After this incident, he says that he formally sought protection from the Defendants, but was denied despite having visible injuries.  He was then placed back in the same building where the attack had taken place.

Plaintiff states that he is now at the Clemens Unit and has been there for four months. He has already been assaulted by twice by the same person, who is a member of the Crips. On both occasions, he states that he was forced to fight back and barely escaped being jumped by multiple gang members.  After these attacks, he says that he again requested protection and was moved to the bottom tier of his housing area, while his attacker lives on the third tier; however, he contends that he is authorized to be housed on the third tier.  As a result, he states he is afraid that if he complies with the classification department and goes back upstairs where he is supposed to be, the gang

members will see him as trying to be "tough" and assault him again. However, he maintains that if he fails to move and is caught living downstairs, he believes he will be punished for being out of place.

Plaintiff claims that the Clemens Unit officials seem incapable of protecting him from future attacks. He says that he is reminded by his attackers almost every day that he is not safe, because he is a former gang member who chose to disassociate from the gang. As a result, Plaintiff argues that he is entitled to proceed *in forma pauperis* under the imminent danger exception.

## II. Discussion

As Plaintiff appears to acknowledge, court records show that he has filed at least three previous lawsuits or appeals which were dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Clay v. Wagner*, slip op. no. 18-51094 (5th Cir., August 14, 2019) (dismissing appeal as frivolous where district court dismissed the case as frivolous, thus imposing two strikes); *Clay v. Wallace*, civil action no. 3:19cv355 (S.D.Tex., October 7, 2021) (dismissing for failure to state a claim); *Clay v. Eastridge*, civil action no. 7:18cv124 (N.D.Tex., May 11, 2021) (dismissing for failure to state a claim and want of jurisdiction); *Clay v. Gonzalez*, slip op. no. 18-50460 (5th Cir., January 29, 2019) (interlocutory appeal dismissed as frivolous in part and for lack of jurisdiction in part); *Clay v. Freebird Publishers*, civil action no. 4:19cv3937 (S.D.Tex., January 31, 2020) (dismissed as frivolous).

28 U.S.C. §1915(g), added by Act of Congress on April 26, 1996 as part of the Prison Litigation Reform Act, provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Because Plaintiff has three strikes and thus falls under the Act, he cannot proceed under the *in forma pauperis* statute unless he shows that he was in imminent danger of serious physical injury as of the date of the filing of the lawsuit. *See Baños v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998).

3

This imminent danger must relate to the allegations of the complaint. *Judd v. Federal Elections Commission*, 311 F.App'x 730, at *731, 2009 U.S. App. LEXIS 3464 (5th Cir., February 20, 2009).

In order to meet the imminent danger requirement of §1915(g), the threat must be "real and proximate." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Allegations of past harm do not suffice; the harm must be imminent or occurring at the time that the complaint or notice of appeal is filed, and the exception refers to "a genuine emergency" where "time is pressing." *Heimerman v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003). In passing the statute, Congress intended a safety valve to prevent impending harms, not those which had already occurred. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3rd Cir. 2001). In that case, the Third Circuit rejected a claim that allegations of having been sprayed with pepper spray, combined with a claim that prison officials engaged in "continuing harassment, plots to hurt or kill him, and other forms of retaliation," sufficiently alleged imminent danger.

This Court and others have held that the prisoner must allege specific facts showing he is under imminent danger of serious physical injury at the time of the filing of the lawsuit; general allegations not grounded in specific facts indicating serious physical injury is imminent are not sufficient to invoke the exception to §1915(g). *Fuller v. Wilcox*, 288 F.App'x 509, at *511, 2008 U.S. App. LEXIS 16581 (10th Cir., August 4, 2008), *citing Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003); *Hyder v. Obama*, civil action no. 5:11cv26, 2011 U.S. Dist. LEXIS 31300, at *9 (E.D.Tex., March 11, 2011, *Report adopted at* 2011 U.S. Dist. LEXIS 31288 (E.D.Tex., March 23, 2011); *Valdez v. Bush*, civil action no. 3:08cv1481, 2008 U.S. Dist. LEXIS 118452, at *3 (S.D.Tex., October 24, 2008).

Plaintiff sues officials at the Telford Unit, but indicates that he is now at the Clemens Unit and has been there for four months, or since around May of 2022, well before the filing of his original complaint. The allegations of his complaint concern past harm, not impending danger. Plaintiff could not have been in imminent danger as a result of any actions or omissions of the officials at the Telford Unit at the time he filed his complaint, which was done at the Clemens Unit.

*Summers v. Livingston*, civil action no. 1:12cv135, 2014 U.S. Dist. LEXIS 65079, at *5 (E.D.Tex., March 12, 2014), *Report adopted at* 2014 U.S. Dist. LEXIS 64393 (E.D.Tex., May 5, 2014) (plaintiff's complaint involved incidents at the Stiles Unit, but was filed after his transfer to the Darrington Unit, so he was not in imminent danger from the events of his complaint at the time he filed his lawsuit, and he was barred from proceeding *in forma pauperis*); *see also Denby v. Garcia*, civil action no. 6:21cv490, 2022 U.S. Dist. LEXIS 46920, at *7 (E.D.Tex., February 28, 2022), *Report adopted at* 2022 U.S. Dist. LEXIS 47220 (E.D.Tex., March 16, 2022, *appeal dismissed*) (inmate at Hughes Unit was not in imminent danger from officials at the Coffield Unit). Because Plaintiff's claim that he is presently in danger at the Clemens Unit does not relate to the allegations of his lawsuit or involve any of the named Defendants, such claim does not suffice to invoke the imminent danger exception to § 1915(g). Consequently, Plaintiff cannot proceed *in forma pauperis* in this case.

## RECOMMENDATION

It is accordingly recommended that the Plaintiff's *in forma pauperis* status be revoked and that the above-styled civil rights lawsuit be dismissed with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit upon payment of the full $402.00 filing fee. It is further recommended that should Plaintiff pay this filing fee in full within 15 days after the date of entry of dismissal of the present case, he be allowed to proceed in this lawsuit as though the full fee had been paid from the outset. The disposition of this case is without prejudice to any claims which Plaintiff may have arising at the Clemens Unit, and the Court offers no opinion on the viability of any claims of imminent danger which Plaintiff may raise pertaining to the Clemens Unit.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

SIGNED this the 19th day of October, 2022.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE