IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| DEANTE KIEVON CLAY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 5:22-CV-122-RWS-JBB |
| MAJOR ADAMS, ET AL., | § § § | |
| Defendants. | § § | |

## ORDER

Before the Court is Plaintiff Deante Clay's objections to the Magistrate Judge's Report and Recommendation. Docket No. 7. Plaintiff, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division, filed this lawsuit alleging violations of his constitutional rights under 42 U.S.C. § 1983. Docket No. 1. The case was referred to United States Magistrate Judge Boone Baxter pursuant to 28 U.S.C. § 636(b)(1). The Magistrate Judge issued a Report recommending that Plaintiff's *in forma pauperis* status be revoked, and the action be dismissed with prejudice as to the filing of another *in forma pauperis* lawsuit, but without prejudice if Plaintiff refiles this lawsuit and pays the full $402.00 filing fee. Docket No. 5. Plaintiff filed objections to the Magistrate Judge's Report. Docket No. 7.

Plaintiff filed his complaint on September 19, 2022 (Docket No. 1), as well as a "declaration in support of imminent danger of serious physical injury." Docket No. 3. Plaintiff complained that he was assaulted by members of the Crips gang at the Telford Unit in 2021. Docket No. 1 at 3. Plaintiff alleged he sought protection from the Defendants, but his request was denied, and he was placed back in the same building where the assault took place. *Id.* In his declaration, Plaintiff stated he was transferred to the Clemens Unit and had been there for about four months,

during which time he was attacked again. Docket No. 3 at 1. He asserted that the Clemens Unit officials seem incapable of protecting him from future assaults and that his attackers reminded him almost every day he was not safe because he disassociated from the gang. *Id.* at 1–2.

The Magistrate Judge reviewed the pleadings and observed that Plaintiff has filed at least three lawsuits or appeals which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. Docket No. 5 at 3. As a result, Plaintiff is prohibited from proceeding *in forma pauperis* unless he shows that he is in imminent danger of serious physical injury as of the date of the filing of the lawsuit. *Id.* (citing 28 U.S.C. § 1915(g)). The Fifth Circuit has explained that in determining imminent danger, past harm is not sufficient; rather, the danger must exist at the time of the filing of the lawsuit. *Baños v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998); *see also Acosta v. O'Connor*, No. 22-10072, 2022 WL 3711184 (5th Cir. Aug. 26, 2022) ("To the extent that [Plaintiff's] allegation of imminent danger . . . involves a past event that does not implicate possible ongoing harm, he has not alleged an imminent danger of serious physical injury."). In addition, the claim of imminent danger must relate to the allegations of the complaint. *See Judd v. Fed. Elections Comm'n*, 311 F. App'x. 730, 731 (5th Cir. 2009).

Here, the Magistrate Judge stated that Plaintiff's claims concerning the named Defendants related to past harm, not imminent danger at the time the complaint was filed. Docket No. 5 at 4. The Magistrate Judge observed that the Defendants are all officials at the Telford Unit, but Plaintiff was not at the Telford Unit when he filed his complaint, and had not been there for four months. *Id.* at 4-5 (citing *Summers v. Livingston*, No. 1:12-cv-135, 2014 WL 1877437, at *2 (E.D. Tex. May 6, 2014) (barring plaintiff from proceeding *in forma pauperis* because plaintiff was not in imminent danger when the complaint involved incidents at one unit, and was filed after his transfer to another unit); *and Denby v. Garcia*, No. 6:21-cv-490, 2022 WL 819216, at *3 (E.D. Tex. Feb.

28, 2022), *report and recommendation adopted* 2022 WL 811052 (E.D. Tex., Mar. 16, 2022) (finding inmate was not in imminent danger from officials in his unit at the time of his complaint)). The Magistrate Judge concluded that Plaintiff could not be in imminent danger as a result of any actions or omissions by the Defendants at the Telford Unit at the time he filed his complaint because he was being housed in the Clemens Unit. Docket No. 5 at 5. While Plaintiff asserted that he was in imminent danger at the Clemens Unit, those contentions did not concern the allegations of his complaint. *Id.* Because Plaintiff did not pay the filing fee and cannot proceed *in forma pauperis*, the Magistrate Judge therefore recommended that the lawsuit be dismissed unless Plaintiff paid the full filing fee within fifteen days after the date of entry of dismissal. *Id.*

Plaintiff objected to Magistrate Judge's report. Docket No. 7. In his objection, Plaintiff argued that his claims of danger do relate to his complaint because,

> The fundamental elements of the plaintiff's claims are not independently founded in the single fact that he was assaulted in the past, but in light of the totality of the circumstances the plaintiff has faced and now faces with regard to the active and deadly threat facing the plaintiff - a threat the specific defendants were made aware of and failed to alleviate.

Docket No. 7 at 1.

Plaintiff states he was under a threat of imminent danger when he filed the original complaint because he was constantly facing attacks by Crips members after notifying prison officials that the attacks may happen if he was not separated from the gang. *Id.* at 2. He refers to "causation of present inmate attacks at Clemens with the reported inmate attacks at Telford," and that officials at the Telford Unit ignored his complaints and housed him with his attackers. *Id.*

In addition, Plaintiff argues that he meets the imminent danger standard because his complaint was filed only three weeks after the Clemens Unit assault took place. *Id.* He claims that a prisoner who alleges that prison officials continue with a practice that has injured him in the past

will satisfy the "ongoing danger" standard and meet the imminence prong of the three-strikes exception. *Id.* Plaintiff further states that he has been assaulted three times at the Clemens Unit, but officials keep putting him back in the same housing area. *Id.* at 3. He alleges that, like the officials at the Telford Unit, officials at the Clemens Unit are not taking the threats seriously. *Id.*

On January 4, 2023, Plaintiff filed an "unsworn declaration showing serious physical injury." Docket No. 8. This declaration says that the previous week, he fought the same individual three times in one day, and now has an injured jaw from being struck with a weapon. *Id.* at 1. Plaintiff states he was "deathly afraid" for his life, and he called his father and asked him to call the unit and have him removed from his cell, but his father was told to call back. *Id.* Plaintiff further states Crips members in his housing section "assured" him they would try to kill him the first chance they got. *Id.* at 2. In another declaration filed the same day, Plaintiff states that as an ex-Crips gang member, he is targeted at almost every unit where he is housed and that TDCJ transfer procedures are inadequate to protect him. Docket No. 9 at 1. Plaintiff alleges that on January 5, 2023, he sought protection from a substantiated threat to his life and was transferred by Warden Scott from the Clemens Unit to the Darrington Unit.[1] *Id.* But he says that although action was taken from the threat, there is a very strong chance that another threat will occur. *Id.*

The Magistrate Judge correctly determined that Plaintiff's lawsuit did not set out a claim of imminent danger related to the allegations of the complaint because those allegations concerned a past incident at the Telford Unit unrelated to the conditions of confinement at the Clemens Unit. Docket No. 5. Plaintiff's complaint sued officials at the Telford Unit for incidents at that unit. *See* Docket No. 1. At the time the case was filed, Plaintiff was at the Clemens Unit and had been there

---

[1] The Court's docket shows, and TDCJ records confirm, that Plaintiff is currently at the Memorial Unit in Rosharon, Texas. *See* Docket No. 10.

for four months. *Id.* Plaintiff does not contend, much less show, that any of the named Defendants were involved in the situation at the Clemens Unit at the time the case was filed.

In *Stine v. Federal Bureau of Prisons Designation and Sentence Computation Unit*, the plaintiff complained that Federal Bureau of Prisons officials located in Texas assigned him to the U.S. Penitentiary in Florence, Colorado, and that he faced imminent danger of serious bodily injury at the hands of prison gangs. 571 F. App'x 352, 353–54 (5th Cir. 2014). The Fifth Circuit, however, found the plaintiff failed to show any connection between the BOP defendants in Texas and the alleged imminent danger in Colorado because the BOP defendants in Texas had no control over the conditions at the penitentiary in Colorado. *Id.* Likewise, here, the officials at the Telford Unit have no control over the conditions of confinement at the Clemens Unit, where Plaintiff was housed at the time of filing suit. *See id.*; *see also McClure v. Livingston*, No. 5:12-cv-56, 2012 WL 5987408, at *3 (E.D. Tex. Nov. 29, 2012) (holding an incident occurring at Wynne Unit of TDCJ did not show imminent danger with regard to claims occurring at the Telford Unit months before the complaint was filed); *Quick v. Anderson*, No. 3:06-cv-2096, 2006 WL 3626968, at *2 (N.D. Tex. Dec. 13, 2006) (finding plaintiff was not in imminent danger of serious physical injury because his claims arose in the Hunt County Jail, where he was no longer housed).

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. § 636(b)(1)(C) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. Accordingly, it is

**ORDERED** that Plaintiff's objections (Docket No. 7) are **OVERRULED**. It is further

**ORDERED** that the Report of the Magistrate Judge (Docket No. 5) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Plaintiff's *in forma pauperis* status is revoked and the above-captioned is **DISMISSED WITH PREJUDICE** as to the refiling of another *in forma pauperis* lawsuit raising the same claims as herein presented, but **WITHOUT PREJUDICE** as to the refiling of this lawsuit upon payment of the $402.00 filing fee. Should Plaintiff pay this fee within fifteen (15) days of the date of entry of final judgment in this case, he will be allowed to proceed in this case as though the full fee had been paid from the outset.[2] It is further

**ORDERED** that any remaining pending motions are hereby **DENIED-AS-MOOT.**

So **ORDERED** and **SIGNED** this 13th day of October, 2023.

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE

---

[2] This dismissal is without prejudice to any claims which Plaintiff may have concerning the Clemens Unit, and the Court offers no opinion as to the viability of any claims of imminent danger which Plaintiff may raise regarding the Clemens Unit or his current unit of assignment.